# SECOND ERRATA ORDER

ORDERED that Exhibit A – Bench Memorandum and Order Granting Chapter 15 Petitions of Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited For Recognition of Foreign Proceedings attached to the Minute Order dated July 22, 2010 be further amended as follows:

Page 6, line 10, delete ", Forbes Hare,"

Page 6, line 10, add "and another held in London" after "fraud disclosure"

Page 8, line 3, add the sentences "Thus, even courts that have recently relegated the COMI focus to the time of the petition for recognition, including *In re Ran*, *Betcorp* and *British American*, would likely support a totality of circumstances approach where appropriate. The jurisprudence emerging from these courts does not preclude looking into a broader temporal COMI assessment where there may have been an opportunistic shift to establish COMI (i.e., insider exploitation, untoward manipulation, overt thwarting of third party expectations). *See generally Lavie v. Ran*, No. 09-20288, 2010 WL 2106638 (5th Cir. May 27, 2010); *In re Betcorp Ltd.*, 400 B.R. 266 (Bankr. D. Nev. 2009); *In re British Am. Ins. Co. Ltd.*, 425 B.R. 884 (Bankr. S.D. Fla. 2010)." after the parenthetical ending with "where the bankruptcy is pending would likely lead to a different result")."

Page 8, line 3, change "The Court is mindful" to "In this regard, the Court is mindful" and start a new paragraph

Page 8, line 5, change "in accordance with the original" to "in accordance with either the original"

Page 8, line 5, add "or the pre-liquidation commercial expectations of third parties." after "Sentry charter"

Page 8, line 6, add "here" after "the record"

Page 9, line 8, change "Sentry" to "the Debtors"

Page 10, line 1, add "a" after "potential" and delete "BLMIS-Sentry"

Page 10, line 14, change "Sentry" to "the Debtors"

The Bench Memorandum and Order, as modified by the Errata Order (Dkt. No. 48) and this Second Errata Order, is set forth in full and annexed hereto.

Dated: New York, New York
       July 30, 2010

                                            /s/Burton R. Lifland
                                            United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                          Chapter 15

FAIRFIELD SENTRY LIMITED, *et al.*,                             Case No. 10-13164 (BRL)

                                                                Jointly Administered

       Debtors in Foreign Proceedings.
------------------------------------------------------------X

APPEARANCES:

BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel.: (212) 209-4800
David J. Molton
William R. Baldiga
Daniel J. Saval
May Orenstein
Tally M. Wiener

*Attorneys for Petitioners*

MILBERG LLP
One Pennsylvania Plaza
New York, New York 10119
Tel.: (212) 594-5300
Robert A. Wallner
Kent A. Bronson
Kristi Stahnke McGregor

SEEGER WEISS LLP
One William Street
New York, New York 10004
Tel.: (212) 584-0700
Stephen A. Weiss
James A. O'Brien III
Christopher M. Van de Kieft
Parvin Aminolroaya

*Attorneys for Morning Mist Holdings
Limited and Miguel Lomeli*

1

Before: Hon. Burton R. Lifland
United States Bankruptcy Judge

**EXHIBIT A – MODIFIED BENCH MEMORANDUM AND ORDER GRANTING CHAPTER 15 PETITIONS OF FAIRFIELD SENTRY LIMITED, FAIRFIELD SIGMA LIMITED, AND FAIRFIELD LAMBDA LIMITED FOR RECOGNITION OF FOREIGN PROCEEDINGS**

Before the Court is the petition (the "Petition")[1] of Kenneth Krys and Christopher Stride (the "Petitioners" or "Liquidators"), Liquidators of Fairfield Sentry Limited ("Sentry") and Fairfield Sigma Limited ("Sigma"), and Mr. Stride as Liquidator of Fairfield Lambda Limited ("Lambda," and together with Sentry and Sigma, the "Debtors"), for foreign recognition of each of the Debtors' liquidation proceedings (collectively, the "BVI Liquidation Proceedings") pending before the Commercial Division of the High Court of Justice, British Virgin Islands (the "BVI Court"). The Debtors were established as vehicles for mainly non-U.S. persons and certain tax-exempt United States entities to invest with Bernard L. Madoff Investment Securities LLC ("BLMIS"). Between February and April 2009, shareholders and creditors of the Debtors applied for the appointment of liquidators for each of the Debtors in the BVI Court. Mr. Stride was appointed liquidator of Lambda pursuant to an April 23, 2009 Order of the BVI Court. On July 11, 2009, the Sentry and Sigma BVI Liquidation Proceedings were commenced, followed by the appointment of the Petitioners as joint liquidators of Sentry and Sigma on July 21, 2009.

The Petitioners seek recognition of the BVI Liquidation Proceedings as foreign main proceedings under section 1517(b)(1) of the Bankruptcy Code (the "Code"), or in the alternative, as foreign nonmain proceedings under section 1517(b)(2) of the Code. The only objection to the

---

[1] The Court's June 16, 2010 Order authorizes the joint administration of the Sentry, Sigma, and Lambda chapter 15 proceedings. *See* Dkt. No. 10.

Petition was filed with respect to Sentry by Morning Mist Holdings Limited and Miguel Lomeli (collectively, the "Objectors"), who are investors in Sentry and plaintiffs in a putative derivative action on Sentry's behalf in New York State Supreme Court. At bottom, the main point of contention between the parties seems to be whether, as the Petitioners argue, [citing *Lavie v. Ran*, No. 09-20288, 2010 WL 2106638, at *7 (5th Cir. May 27, 2010)], the Debtors' center of main interests ("COMI") should be measured as of the date of the Petition and the Court should consider the liquidation proceeding as ongoing business activities, or, as the Objectors argue, COMI should include the period prior to and leading up to the filing of the Petition and the Court should focus only on the Debtors' business activities prior to the liquidation, [as those were the economic and business functions contemplated by their charters]. The contentions of both parties are misplaced, as a review of the relevant factors places the COMI focus in the BVI for the pre- and post-liquidation periods.

## DISCUSSION

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 1011(a) and (b) relates to contested petitions for recognition of a foreign proceeding, as is the case here. Thus, it would not appear that a hearing is usually necessary, as Bankruptcy Rule 1011(b) treats the matter as a "motion" under Federal Rule of Civil Procedure ("Rule") 12 with no other pleadings permitted. FED. R. BANKR. P. 1011(a), (b), (e). Nevertheless, the parties have amplified the proceedings by an evidentiary hearing and submissions, not all of which are relevant to the basic issue of recognition.

As a preliminary matter, and based upon the relevant evidence, the Court finds that the BVI Liquidation Proceedings are foreign proceedings under section 101(23) of the Code, as they are "collective judicial or administrative proceeding[s] in a foreign country . . . under a law

relating to insolvency . . . in which . . . the assets and affairs of the debtor are subject to control or supervision by a foreign court for the purpose of . . . liquidation." 11 U.S.C. § 101(23).

Section 1517(a) of the Code requires recognition of the BVI Liquidation Proceedings if (1) they are main or nonmain proceedings within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515. Requirements (2) and (3) are undisputed and clearly satisfied, as the Petitioners are "persons," and the Petition includes the necessary certifications under section 1515(b) of the Code. *See, e.g.*, Verified Petition, Ex. A, Dkt. No. 2. In addition, the Petitioners have filed updated statements under section 1515(c) of the Code apprising the Court of Sentry's pending foreign recognition proceeding in Ireland, where Sentry apparently maintains an account holding approximately $73 million. The parties have agreed on the record that this case concerns (i) whether the BVI Liquidation Proceedings should be recognized as main proceedings or, in the alternative, foreign nonmain proceedings pursuant to Chapter 15 of the Bankruptcy Code, and (ii) if the Debtors' foreign proceedings are so recognized, whether Petitioners are entitled to other relief as requested in the Verified Petition filed by the Petitioners. Dkt. No. 2. Therefore, the Court will focus solely on whether under requirement (1) the proceedings are main or nonmain.

### a. Recognition of the BVI Liquidation Proceedings as Foreign Main Proceedings

Courts will recognize a liquidation proceeding as a "foreign main proceeding" if it is "pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1). It is the Petitioners' burden to persuade the Court by a preponderance of the evidence that the Debtors' COMI is in the BVI. Section 1516(c) of the Code recognizes the importance of the debtor's place of registration in determining COMI by creating a rebuttable

4

presumption that "[i]n the absence of evidence to the contrary, the debtor's registered office . . . is presumed to be [its COMI]." 11 U.S.C. § 1516(c). Here, it is undisputed that the Debtors are incorporated and maintain their registered offices in the BVI.[2] However, as the Objectors have advanced evidence in support of their position that New York is the proper COMI, the Court cannot rely solely upon this presumption, but rather must consider all of the relevant evidence. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 128 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008); *In re Betcorp Ltd.*, 400 B.R. 266, 285 (Bankr. D. Nev. 2009) ("[T]his court cannot rely solely upon section 1516(c)'s presumption in determining whether Betcorp's COMI is in Australia. *It must consider all evidence . . . .*") (emphasis added).

In this case, it is apparent from all of the relevant evidence that the Debtors effectively ceased doing business more than 18 months before their Petition and 7 months before the BVI Liquidation Proceedings commenced. Upon the revelation of the notorious Madoff fraud in December of 2008, the Debtors discontinued the transfer of funds for investment with BLMIS in New York, which comprised 95% of Sentry's investments. The board of representatives at the Debtors' New York-based investment managers, Fairfield Greenwich Group ("FGG"), resigned shortly thereafter, and the Debtors' contracts with FGG were severed in 2009, still long before the filing of the Petition. As a result, the Debtors have no place of business, no management, and no tangible assets located in the United States. Rather, the Debtors' activities for an extended

---

[2] The Objectors point out that Sentry's Memorandum of Association (the "MOA") restricts Sentry from "carry[ing] on business with persons resident in the [BVI]" or "own[ing] an interest in real property situate[d] in the [BVI]" other than "for use as an office from which to communicate with members or where books and records of the Company are prepared or maintained." Decl. of Kenneth Krys, Ex. E, at 1–2, ¶ 4. In response, the Petitioners argue that "the MOA in no way restricts the conduct of COMI-determinative activities in the BVI, including management activities and the maintenance and administration of assets," nor does it restrict "any of the activities of the liquidators in the BVI in furtherance of the liquidation of Sentry." Reply at 25–26, ¶¶ 36–37.

period of time have been conducted only in connection with winding up the Debtors' business. Under these circumstances, it is appropriate for the Court to consider this extended period in determining COMI. The Court finds that the facts now extant provide a sufficient basis for finding that the Debtors' COMI for the purpose of recognition as a main proceeding is in the BVI, and not elsewhere.

Although the Debtors' assets and investors are international, the facts before the Court suggest that the Debtors' most feasible administrative "nerve center" has existed for some time in the BVI. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193–94 (2010). In the approximately 7 months between December 2008 and the commencement of the BVI Liquidation Proceedings, an independent litigation committee governed Sentry's affairs. This committee was comprised of non-United States-based directors, and the majority of its administrative decision-making originated in the BVI. Although one board meeting was held in New York days after the Madoff fraud disclosure and another held in London, 41 meetings were conducted telephonically by Sentry's counsel in the BVI. Further, since the commencement of the BVI Liquidation Proceedings in July 2009, the BVI-based Liquidators have been directing and coordinating the Debtors' affairs. The Debtors maintain liquid assets of approximately $17.5 million in a BVI account, and United States citizens hold less than 10% of the equity in Sentry and comprise only approximately 17% of all record Sentry shareholders. At oral argument today, it became apparent that out of 1100 record shareholders, 195 are based in the United States, which is a substantial number, but clearly not a majority. The Liquidators continue to garner assets from various international locations, including Ireland and England, to administer in the BVI. The Liquidators have BVI-resident employees and offices, and have undertaken to transfer significant books and records to office space leased by the Debtors in the BVI. It has been held that where,

by necessity and in good faith, a foreign representative "relocates all of the primary business activities of the debtor to his location (or brings business to a halt), thereby causing other parties to look to the judicial manager as the location of [the] debtor's business," the debtor's COMI may "become lodged with the foreign representative." *See In re British Am. Ins. Co. Ltd.*, 425 B.R. 884, 914 (Bankr. S.D. Fla. 2010).[3] There being no showing of bad faith on the part of the BVI Liquidators, and given that the Debtors are incorporated in and maintain their registered offices in the BVI, the Court finds it more compelling that the Debtors' COMI lies in the BVI than in New York, or in any of the Debtors' other various international contacts.

Furthermore, while the Objectors argue that the Debtors presently maintain substantial intangible assets in New York, these primarily consist of contingent and disputed litigation claims. The BLMIS Trustee seeks to have the Debtors' claims of over $6.2 billion against BLMIS disallowed, and the Petitioners dispute the Objectors' putative derivative claim pending in the New York State Supreme Court against Sentry's managers and advisors on the bases that, *inter alia*, (i) the Objectors lack standing and (ii) the actions were commenced in violation of BVI law. Based on the facts before the Court at this time, these unliquidated, contingent, and disputed claims should be given no greater weight for COMI purposes than any of the Debtors' other substantial litigations relating to assets that are pending in Ireland and the BVI.[4]

In any proceeding for foreign recognition, of great concern to the Court is the potential

---

[3] Some commentators would treat COMI like a migrating concept that—roulette wheel-like—gets measured at the moment (the "foreign proceeding commencement date") when the wheel stops. This concept leaves the door open for an untoward gaming of the proceedings (a situation contemplated recently by court in *In re Ran*, 2010 WL 2106638, at *8).

[4] The Petitioners are seeking relief in Ireland for $73 million and have commenced 6 sets of proceedings in the BVI against 160 defendants seeking recovery of redemptions paid out of Sentry before the exposure of the BLMIS fraud. In addition, as of the Petition date, approximately 85% of all actions against redeemers were directed at non-U.S. defendants.

for mischief and COMI manipulation, as recently expressed by the Fifth Circuit in *In re Ran*, 2010 WL 2106638, at *8 (recognizing, in dicta, that the case before it, involving an individual and not an entity, "d[id] not involve a recent change of domicile by the party in question, [and] [a] similar case brought immediately after the party's arrival in the United States following a long period of domicile in the country where the bankruptcy is pending would likely lead to a different result"). Thus, even courts that have recently relegated the COMI focus to the time of the petition for recognition, including *In re Ran*, *Betcorp* and *British American*, would likely support a totality of circumstances approach where appropriate. The jurisprudence emerging from these courts does not preclude looking into a broader temporal COMI assessment where there may have been an opportunistic shift to establish COMI (i.e., insider exploitation, untoward manipulation, overt thwarting of third party expectations). *See generally Lavie v. Ran*, No. 09-20288, 2010 WL 2106638 (5th Cir. May 27, 2010); *In re Betcorp Ltd.*, 400 B.R. 266 (Bankr. D. Nev. 2009); *In re British Am. Ins. Co. Ltd.*, 425 B.R. 884 (Bankr. S.D. Fla. 2010).

In this regard, the Court is mindful that some consolidated BVI-focused activity occurred during the 11-month period between the Liquidators' appointment and the Petition, and that the Debtors are no longer doing business in accordance with either the original Sentry charter or the pre-liquidation commercial expectations of third parties. However, the record here as to the relevant time period beginning December 2008, which straddles the Liquidators' appointment dates, does not support a finding of an opportunistic shift of the Debtors' COMI or any biased activity or motivation to distort factors to establish a COMI in the BVI.[5] Indeed, during this key period between December 2008 and the BVI Liquidation Proceedings, the Debtors'

---

[5] Of note, the procurement of the Sentry BVI Liquidation Proceedings was at the behest of shareholders, and not management.

8

administrative nerve center existed in the BVI. *See Hertz Corp.*, 130 S. Ct. at 1193–94.

Accordingly, and bearing in mind that "non-recognition where recognition is due may forestall needed inter-nation cooperation," *In re Betcorp*, 400 B.R. at 291, the Petition for recognition of the BVI Liquidation Proceedings as a foreign main proceeding is hereby granted, subject to a further review under sections 1517(d) and 1522(c) of the Code should other contrary factors come to light to indicate that a different holding is warranted.[6]

### b. The Petitioners' Requested Relief Under Section 1521(a) of the Code

Furthermore, even if the Court were to alternatively recognize the BVI Liquidation Proceedings as nonmain proceedings, the Court is constrained to grant the specific relief the Petitioners separately request under section 1521 of the Code as a supplement to the automatic relief accorded under section 1520. The Petitioners seek relief under section 1521 of the Code, *inter alia*, staying the Objectors' purported derivative action, as well as all actions concerning the Debtors' rights and assets, with the limited exception of recognizing and implementing the stipulation entered into in the BLMIS Trustee's adversary proceeding against the Debtors, with respect to which the parties continue to engage in good faith efforts to facilitate settlement.

The Court is empowered to grant relief under section 1521 of the Code upon its recognition of a foreign proceeding, "whether main or nonmain, where necessary to effectuate

---

[6] Section 1517(d) of the Code states:

> the provisions of this subchapter do not prevent modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking or ceased to exist, but in considering such action the court shall give due weight to possible prejudice to parties that have relied upon the order granting recognition.

Section 1522(c) of the Code states:

> The court may, at the request of the foreign representative or an entity affected by relief granted under section 1519 or 1521, or at its own motion, modify or terminate such relief.

9

the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1521(a). Such relief includes "staying . . . proceeding[s] concerning the debtor's assets, rights . . . or obligations" and "entrusting the . . . realization of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative." Granting the specific relief sought by the Petitioners with regard to the BLMIS Trustee's adversary proceeding does not violate United States public policy under section 1506 of the Code, which should be narrowly construed. *See In re RSM Richter Inc. v. Aguilar (In re Ephedra Prods. Liab. Litig.)* 349 B.R. 333 (S.D.N.Y. 2006). The Petitioners and the BLMIS Trustee represent that they have been engaged in good faith, bilateral settlement discussions. The Court finds currency in the Petitioners' assessment of the continuation of the adversary proceeding as "wasteful, unnecessary and value destructive litigation" that would derail a potential settlement. United States policy considerations, including the need for efficiency and judicial economy, favor promoting the Debtors' and the BLMIS Trustee's stated intent to consensually resolve the adversary proceeding. Finally, granting the requested relief under section 1521 of the Code fosters the "fair and efficient administration of [the Debtors'] cross-border insolvencies" by ensuring that only one unbiased party—the Liquidators—quarterback the Debtors' causes of action "in the interests of all creditors and other interested entities, including the debtor." *See* 11 U.S.C. § 1501(a)(3).

In conclusion, the Court finds that (1) the Sentry BVI Liquidation Proceeding is a foreign main proceeding as defined in section 1517(b)(1) of the Code; (2) with respect to Sigma and Lambda, there being no rebuttal to the registered office presumption, nor any objection to their recognition, the Sigma and Lambda BVI Liquidation Proceedings are recognized as foreign main proceedings; and (3) the Petitioners' request for specific relief under section 1521 of the Code,

with the limited exception of the BLMIS Trustee's pending adversary proceeding against the Debtors, is hereby granted.

IT IS SO ORDERED.

Dated: New York, New York
July 22, 2010

/s/ Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE